IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL L. SCHUTTPELZ, #41686-039, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 25-cv-01815-JPG ) |
| USA, | ) ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Michael L. Schuttpelz, an inmate in the Federal Bureau of Prisons (FBOP) and incarcerated at the Loretto Federal Correctional Institution (FCI-Loretto), brings this action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80.[1] He seeks compensation for personal property lost during his transfer from the United States Penitentiary in Marion, Illinois (USP-Marion) on October 26, 2022.

The Complaint is subject to screening under 28 U.S.C. § 1915A, which requires the Court to review prisoner complaints and filter out portions that are legally frivolous or malicious, fail to state a claim for relief, or request money damages from an immune defendant. 28 U.S.C. §§ 1915A(a)-(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff filed 3 civil suits in this District to address claims arising out of his transfer from USP-Marion in 2022, and the Court refers to this case as "Schuttpelz 1." *See Schuttpelz v. United States*, No. 25-cv-01846-JPG (S.D. Ill. filed Sept. 30, 2025) (referred to as "Schuttpelz 2"); *Schuttpelz v. United States, et al.*, No. 25-cv-01847-JPG (S.D. Ill. filed Sept. 30, 2025) (referred to as "Schuttpelz 3").

1

## The Complaint

The Complaint sets forth the following allegations (Doc. 1, pp. 1-27): Plaintiff claims that prison officials failed to pack up and move all personal property when transferring him into USP-Marion's Special Housing Unit (SHU) on August 10, 2022 and when transferring him to another federal facility on October 26, 2022. *Id*.

Plaintiff was ordered to sign a property transfer form before seeing his property on August 10, 2022. He refused to do so until an officer agreed to look through his belongings and describe what was there. Once the officer did so, Plaintiff signed the property transfer form. *Id*.

Plaintiff was given another form to sign on October 25, 2022. He noticed that this property transfer form was shorter than the last, so he refused to sign it. Prison officials then removed several large trash bags of his personal property. The following day, October 26, 2022, Plaintiff transferred to the Oklahoma City Transfer Facility. He then moved to the Federal Correctional Institution in Gilmer, West Virginia, on November 9, 2022. *Id*.

Plaintiff was finally allowed access to his personal property on November 28, 2022. When he looked through it, Plaintiff realized that several items were missing. He was most concerned about several missing volumes of court transcripts. Plaintiff requested a tort claim form and did not receive one, so he filed an Administrative Claim/Request directly with the FBOP in Washington, DC. When he later determined the value of the lost transcripts to be $2,233.50, he submitted a written request for compensation in this amount to the FBOP in Washington, DC. Plaintiff filed this action on September 22, 2025. *Id*.

### Discussion

Based on the allegations, the Court designates the following claim in the *pro se* Complaint:

**Count 1:** FTCA claim against Defendant United States for USP-Marion staff's loss of Plaintiff's personal property during his transfer to USP-Marion's SHU on or around August 10, 2022 and to another facility on October 26, 2022.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

The Federal Tort Claims Act authorizes "civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA waives the United States' sovereign immunity for suits alleging injury, including property loss, attributable to the negligence of federal employees acting within the scope of their employment. *See Abdulqader v. United States*, 596 F. App'x 515, 516 (7th Cir. 2015) (citing 28 U.S.C. §§ 1346(b)(1), 2671-2680). However, in *Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008), the Supreme Court held that § 2680(c) excludes from this waiver claims arising from the mishandling of detained property by prison guards. *Id*. at 216, 228. The Seventh Circuit Court of Appeals has reached the same conclusion. *See Abdulqader*, 596 F. App'x at 516. Both courts have held that sovereign immunity bars a prisoner's claim for property loss, including religious and legal property, that occurs during a prison transfer. *Ali*, 552 U.S. at 216-17; *Abdulqader*, 596 F. App'x at 516. This Court is bound by these holdings.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The doctrine of sovereign immunity bars the claim for lost property attendant to Plaintiff's prison transfer, so Count 1 shall be dismissed with prejudice.[3] The Complaint does not survive screening under 28 U.S.C. § 1915A. An amendment to the complaint would be futile under the circumstances. Therefore, the dismissal of this action shall be with prejudice.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED with prejudice** for failure to state a claim. Because no other claims remain pending, the entire action is **DISMISSED** with prejudice. Plaintiff is **ADVISED** that this dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

---

[3] Plaintiff's claim may also be barred by the applicable statute of limitations or by his failure to exhaust his federal tort remedies before bringing this FTCA action. Because Plaintiff's underlying claim is subject to dismissal for failure to state a claim for relief, however, the Court need not address the timeliness of his claims or his exhaustion of remedies.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 12/1/2025**  	s/J. Phil Gilbert  
**J. PHIL GILBERT**  
**United States District Judge**